### STATE v. EMPIRE REFINERIES, Inc.

No. 20362. Opinion Filed Oct. 20, 1931.

Ernest F. Jenkins, Co. Atty., and R. W. Stoutz, for plaintiff in error.

James W. Finley, Hayes McCoy, Jack Lenertz, and Charles C. Julien, for defendant in error.

LESTER, C. J. This case presents error from the county court of Payne county, Okla. The original cause was instituted by the tax ferret of Payne county filing with the county treasurer an information against the defendant company, alleging that it was liable for assessment on certain property omitted from assessment. A hearing was had before the county treasurer and he made a finding in favor of the defendant. The state appealed to the county court under section 9798, C. O. S. 1921.

After the appeal was lodged in the county court, it was discovered that certain papers used in the hearing before the county treasurer were omitted on appeal. The state urged that these papers were necessary for the proper determination of the case in the county court and the issues before the county court revolved around the question as to the manner of transferring these omitted papers from the county treasurer to the county court. The state filed a pleading in the case which it denominated "Application for Certiorari." The defendant claims that the use of this often needful writ was by the Constitution of Oklahoma denied the use by the county courts of this state. It appears that the legal battle in the county court over this question was intense. Constitutions, Codes, precedent of opinion, were used in the argument, and finally the county court denied the writ. The state then offered to file the aforesaid papers with the certificate of the county treasurer attached showing that said papers were the same and identical papers as used in the hearing before the county treasurer. The attorneys for the defendant were quick to oppose this new legal strategy, and their opposition was successful. The state having exhausted its efforts before the county court to cause said papers to be transferred therein, the county court thereupon rendered its judgment dismissing said cause. After the dismissal of said cause, the state of Oklahoma gathered the remnants together and by appeal lodged the same in this court.

The vital question here presented is, How may the omitted papers be lodged in the county court? In order that no language of ours may be misunderstood or any occult directions may be given that will provoke confusion, we reverse the trial court with the simple directions to reinstate the case and to receive and accept said papers and cause them to be filed in the county court, provided said papers are identified as being the same and identical papers and instruments that were used in the hearing before the county treasurer.

RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.